NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR RAMIREZ-CARRASCO, | No.   15-71578 |
| Petitioner, | Agency No. A200-550-457 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2018**
Seattle, Washington

Before:  M. SMITH and WATFORD, Circuit Judges, and RAYES,*** District
Judge.

Salvador Ramirez-Carrasco, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

from an immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The immigration judge found that Ramirez-Carrasco's asylum application was untimely, but also alternatively concluded that the application failed on its merits. Before the BIA, Ramirez-Carrasco did not challenge the immigration judge's untimeliness determination, which is an independent bar to asylum. 8 U.S.C. § 1158(a)(2)(B). Ramirez-Carrasco's failure to raise the timeliness issue before the BIA constitutes a failure to exhaust. We therefore lack jurisdiction to consider his asylum claim and dismiss that portion of his petition for review. *Id.* § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

With respect to Ramirez-Carrasco's withholding of removal and CAT claims, we have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, except where deference is owed to the BIA's interpretation of governing statutes and regulations. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008); *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review the BIA's factual findings for substantial evidence. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the balance of Ramirez-Carrasco's petition for review.

The BIA did not err in finding that Ramirez-Carrasco failed to establish membership in a cognizable social group, and substantial evidence supports the

2

BIA's determination that Ramirez-Carrasco failed to establish that any harm he fears in Mexico will be on account of a protected ground. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining that in order demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))), *cert. denied sub nom. Reyes v. Sessions*, 138 S. Ct. 736 (2018); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico did not constitute a particular social group); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (noting "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Molina-Estrada v. INS*, 293 F.3d 1089, 1095–96 (9th Cir. 2002) (noting family membership may, in some circumstances, constitute a social group, but concluding petitioner had not established persecution on account of family membership). Ramirez-Carrasco's withholding of removal claim therefore fails.

Substantial evidence also supports the BIA's finding that Ramirez-Carrasco failed to establish a likelihood of torture. *See Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005) (explaining that to obtain relief under CAT, applicant must show "he is more likely than not to suffer intentionally-inflicted cruel and inhuman

3

treatment that either (1) is not lawfully sanctioned by that country or (2) is lawfully sanctioned by that country, *but* defeats the object and purpose of CAT" (quoting *Wang v. Ashcroft*, 320 F.3d 130, 134 (2d Cir. 2003))); *In re J.F.F.*, 23 I. & N. Dec. 912, 917–18 (A.G. 2006) (reasoning that CAT claim cannot be made merely by stringing together a series of speculative suppositions).  Nor did the BIA err by affording this claim relatively briefer written discussion.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[T]he [BIA] does not have to write an exegesis on every contention.  What is required is merely that it consider the issue raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (second alteration in original) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004))).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**